

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*James Graham*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Phone: 973-645-2869*

August 5, 2025

Charles B. McKenna, Esq.
Riker Danzig, LLP
7 Giralda Farms, Suite 250
Madison, NJ 07940-1051

     Re: <u>Rule 11(c)(1)(C) Plea Agreement with Jamah Godwin</u>

Dear Mr. McKenna:

  This letter sets forth the plea agreement between your client, Jamah Godwin ("GODWIN"), and the Acting United States Attorney for the District of New Jersey ("this Office"). **The Government's offer to enter into this plea agreement expires on August 21, 2025.** If GODWIN does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

  Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from GODWIN to an Information, charging him with conspiracy to distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846. The parties recognize that GODWIN may qualify as a career offender within the meaning of U.S.S.G. § 4B1.1 but nonetheless agree that a term of imprisonment of 24 months (the "Stipulated Sentence") is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a). Therefore, if GODWIN enters a guilty plea and is sentenced to the Stipulated Sentence and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against GODWIN for: conspiring to distribute, distributing, or possessing with intent to distribute controlled substances from in or around January 2021 through in or around June 2023. However, the parties agree that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.*

1

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against GODWIN even if the applicable statute of limitations period for those charges expires after GODWIN signs this agreement, and GODWIN agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, GODWIN may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), GODWIN will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

Sentencing

The violation of 21 U.S.C. § 846 to which GODWIN agrees to plead guilty in the Information carries a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to $1,000,000. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and GODWIN agree that the Stipulated Sentence is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court must sentence GODWIN to 24 months' imprisonment.

Further, in addition to imposing any other penalty on GODWIN, the sentencing judge as part of the sentence:

(1)  will order GODWIN to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)  may order GODWIN to pay restitution pursuant to 18 U.S.C. § 3663 et seq.;

(3)  must order forfeiture, pursuant to 18 U.S.C § 924(d), 28 U.S.C. § 2461, and 21 U.S.C. § 853;

(4)  may deny GODWIN certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(5)  pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, must require GODWIN to serve a term of supervised release of at least 3 years, which will begin at the expiration of any term of imprisonment imposed. Should

GODWIN be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, GODWIN may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, GODWIN agrees to forfeit to the United States any and all property constituting or derived from any proceeds the GODWIN obtained, directly or indirectly, as the result of the violation charged in the Information, and all of the defendant's right, title, and interest in any property in which the defendant has an interest that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violation charged in the Information.

The defendant further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant (the "Money Judgment"). The defendant consents to the entry of an order requiring the defendant to pay the Money Judgment, and that such Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the Bureau of Alcohol, Tobacco, Firearms, and Explosives indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. The defendant further agrees that the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

GODWIN waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal

Procedure, the defendant consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. GODWIN understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of GODWIN's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. GODWIN waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on GODWIN by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of GODWIN's activities and relevant conduct with respect to this case.

### Stipulations

This Office and GODWIN will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release either this Office or GODWIN from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a

particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

If the Court imposes the Stipulated Sentence, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, GODWIN will not challenge by any means his/her conviction or any component of his/her sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1)   Any proceeding to revoke the term of supervised release.

(2)   A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3)   An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

(4)   Any claim GODWIN pursues in an appropriate forum, when permitted by law, that GODWIN received constitutionally ineffective assistance of counsel.

Immigration Consequences

GODWIN understands that, if GODWIN is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. GODWIN understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. GODWIN wants and agrees

to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. GODWIN understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.

Accordingly, GODWIN waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against GODWIN. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against GODWIN.

No provision of this agreement shall preclude GODWIN from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that GODWIN received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between GODWIN and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

Todd W. Blanche
United States Deputy Attorney General

Alina Habba
Acting United States Attorney
Special Attorney Acting Under Authority of 28 U.S.C. § 515

By: James H. Graham
Assistant U.S. Attorney

APPROVED:

ELAINE K. LOU
Deputy Chief, Criminal Division

7

I have received this letter from my attorney, Charles B. McKenna, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and I accept those terms. I understand this letter fully and am satisfied with my counsel's explanations. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                Date: 8-12-25
Jamah Godwin


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and my client accepts those terms. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                Date: 8/12/25
Charles B. McKenna, Esq.

Rule 11(c)(1)(C) Plea Agreement with Jamah Godwin

Schedule A

1. This Office and Jamah Godwin ("GODWIN") agree to stipulate to the following facts:

   a. From at least as early as in or around January 2021 through in or around June 2023, in Passaic County, in the District of New Jersey and elsewhere, GODWIN knowingly and intentionally conspired with others to distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

   b. The offense involved at least four grams but less than eight grams of fentanyl, within the meaning of U.S.S.G. § 2D1.1(c)(13).